UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                              Case No.: 14-11005-BKC-JKO

HONEYCLIFF, LTD.                                    Chapter 11

     Debtor.
_____/

**UNITED STATES TRUSTEE'S EMERGENCY MOTION TO APPOINT
A TRUSTEE OR, ALTERNATIVELY, TO DISMISS OR CONVERT
<u>CASE AND REQUEST FOR AN EXPEDITED HEARING</u>**
(*Expedited Hearing Requested*)
**The basis for the emergency request is that the Debtor has not
provided proof of insurance for all real property.**

Guy G. Gebhardt, Acting United States Trustee for Region 21 (the "United States Trustee"), pursuant to 11 U.S.C. §§ 1104 and 1129, respectfully moves this Court to enter an order directing the appointment of a chapter 11 trustee in this case or, alternatively, dismissing this case or converting this case to chapter 7, and in support thereof states as follows:

### <u>BACKGROUND FACTS</u>

1. On January 16, 2014 (the "Petition Date"), Honeycliff, LTD (the "Debtor") filed a petition for relief under Chapter 11 of the Bankruptcy Code [D.E. #1] (the "Petition").

2. The United States Trustee has not appointed a committee of unsecured creditors as of the date of filing of the instant motion.

3. The Petition was signed by "Robert G. Armistead" ("Armistead") as President of the Debtor.

4. The Debtors' bankruptcy schedules attached to, and filed with, the Petition (the "Schedules") reflect on Schedule A that the Debtor owns real property located at (a) 4019 NE 34 Avenue, Fort Lauderdale, FL 33308 (the "34th Avenue Property"); and (b) 2200 Middle River

1

Drive Fort Lauderdale FL 33305 (the "Middle River Property", and together with the 34th Avenue Property, the "Property").

5. Schedule A also reflects that the Property is valued at $1.35 million.

6. Schedule G reflects that the Debtor is party to a "[c]ontract for property management, maintenance and leasing services" with "G.A. Design & Development, Inc."

7. A search for the entity G.A. Design & Development, Inc. ("GAD") on the Florida Secretary of State's website reflects that "Robert Armistead" is a director of GAD and that Mr. Armistead is the sole director/officer listed for GAD.

**The Debtor's Lack of Prepetition Bank Accounts and Financial Records**

8. Schedule B reflects that the Debtor had no prepetition bank accounts and, as more fully addressed herein, the Debtor has not opened any bank accounts since the Petition Date.

9. On January 30, 2014, the Debtor filed its Statement of Financial Affairs [D.E. #14] (the "SOFA").

10. The SOFA reflects the following information:

**19. Books, records and financial statements**

None ☑ a. List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

None ☑ b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

None ☑ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

None ☑ d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within the **two years** immediately preceding the commencement of this case.

**21. Current Partners, Officers, Directors and Shareholders**

None ☑ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

None ☑ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

**The Debtor's Failure to Comply with the U.S. Trustee Guidelines, including the Failure to Provide Proof of Insurance for the Property or Proof of Opening of a DIP Account**

2

11. On January 22, 2014, the United States Trustee sent correspondence to Debtor's counsel that: (a) explained the requirements under the *United States Trustee's Operating Guidelines And Reporting Requirements For Debtors In Possession And Trustees* ("Guidelines"); (b) requested that the Debtor submit all information required by the Guidelines; and (c) provided that failure to comply with the Guidelines could result in motions to dismiss or convert this case, for the appointment of a chapter 11 trustee or examiner, and/or for the imposition of sanctions.

12. Also, on January 22, 2014, the United States Trustee sent correspondence to Debtor's counsel scheduling the Initial Debtor Interview ("IDI") and again requesting that the Debtor submit all documents and/or information required by the Guidelines.

13. At the IDI on February 5, 2014, the United States Trustee informed the Debtor and Debtor's counsel of certain required documents and/or information that had yet not been received from the Debtor, including proof of insurance for the Property and proof that the Debtor has opened a debtor-in-possession bank account.

14. Additionally, following the IDI, on February 5, 2014, the United States Trustee sent follow-up correspondence to Debtor's counsel requesting all missing documents and/or information.

15. Since February 5, 2014, the United States has sent multiple follow-up correspondence requesting all remaining missing documents and/or information.

16. As of the date of filing the instant motion, and more than month into this bankruptcy case, the Debtor has still not provided proof of insurance for all real property and proof of opening a debtor-in-possession bank account.

**The Debtor's Rent is Being Collected and Maintained by a Third Party Non-Debtor Entity that may be an Insider**

3

17. On February 21, 2013, the Debtor filed its monthly operating report (the "MOR") for January, 2014.

18. In Attachment 8 to the January, 2014 MOR, the Debtor represents that:

   a. It has been unable to open a debtor-in-possession account at an authorized depository because the Debtor is a Delaware corporation that was not previously authorized to do business in Florida by the Florida Secretary of State.

   b. It only recently applied for authority to do business in Florida on February 11, 2014, more than three weeks <u>after</u> the Petition Date.

   c. The Middle River Property has generated income for the Debtor <u>post-petition</u> in the form of a rent payment of $12,370.00 (the "Rent") received on January 31, 2014.

   d. The Rent was paid to GAD.

*See* MOR for January, 2014 [D.E. #20].

## ARGUMENT

### I. The Court Should Appoint a Chapter 11 Trustee

19. The appointment of a trustee in chapter 11 cases is governed by 1104(a), which provides in pertinent part, as follows:

> ...on request of a party in interest or the United States Trustee, and after notice and a hearing, the court shall order the appointment of a trustee –
>
> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
>
> (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

*See* 11 U.S.C. § 1104(a).

20. Here, as is more fully discussed below, this Court must appoint a trustee where cause exists <u>and</u> the appointment of a trustee is in the best interest of creditors.

### A. This Court Must Appoint A Chapter 11 Trustee For Cause Where the Facts Show Gross Mismanagement of the Affairs of the Debtor

21. Subsection (a)(1) mandates appointment of a trustee for cause, and provides a <u>nonexhaustive</u> list of conduct warranting such appointment. *See In re SunCruz Casinos, LLC*, 298 B.R. 821, 828 (Bankr. S.D.Fla. 2003) (emphasis added).

22. First, with respect to subsection (a)(1), a trustee must be appointed where the facts here show that current management has exhibited, at a minimum, gross mismanagement of the affairs of the Debtor where (i) the Debtor has not maintained a bank account or any financial records; (ii) the Debtor has failed to maintain appropriate insurance on the Property; and (iii) and where the Debtor's Rent is not being remitted to the Debtor.

23. Moreover, as this Court observed in *In re SunCruz Casinos, LLC*, the list of conduct warranting the appointment of a trustee included in subsection (a)(1) is <u>nonexhaustive</u>. *See In re SunCruz Casinos, LLC*, 298 B.R. 821, 828 (Bankr. S.D.Fla. 2003) (emphasis added).

24. In *SunCruz Casinos* this Court considered the following additional factors in determining whether there was cause sufficient to appoint a trustee:

> (a) Materiality of the misconduct;
> (b) Evenhandedness, or lack of same, in dealings with insiders or affiliated entities vis-a-vis other creditors or customers;
> (c) The existence of pre-petition voidable preferences or fraudulent transfers;
> (d) Unwillingness or inability of management to pursue estate causes of action
> (e) Conflicts of interest on the part of management interfering with its ability to fulfill fiduciary duties to the debtor; and
> (f) Self-dealings by management or waste or squandering of corporate assets.

*See SunCruz Casinos, LLC*, 298 B.R. at 830; *see also In re Sundale,* 400 B.R. 890 (Bankr. S.D. Fla. 2009) and *In re Intercat, Inc.* 247 B.R. 911, 921 (Bankr. S.D. Ga. 2000).

25.  Here, analysis of the *SunCruz* factors also supports the appointment of a chapter 11 trustee where:

   a. Management of the Debtor (in this case the President and sole shareholder—Robert Armistead) may have engaged in significant misconduct where he has:

      i. failed to obtain the requisite authorization to do business in Florida;

      ii. failed to maintain any books and records, or a bank account;

      iii. failed to turnover income generated by the Property to the Debtor; and

      iv. failed to maintain appropriate insurance on the Property which poses a significant potential liability to the estate.

   b. It is unclear that Debtor's management (Robert Armistead) can exercise evenhandedness in dealings with GAD for the benefit of the creditors of the Debtor or the Debtor's estate, where Robert Armistead is also a director of GAD.

   c. There could be pre-petition voidable preferences or fraudulent transfers that were made to GAD and therefore GAD could be the target of fraudulent conveyance and/or preference actions.

   d. Current management may be unwilling and/or unable to pursue estate causes of action where Armistead is not likely to aggressively pursue claims against himself, personally, or against any entity controlled by him such as GAD.

   e. Conflicts of interest exist that may interfere with current management's ability to fulfill fiduciary duties to the Debtor where Armistead's fiduciary duty would require that he take all necessary action to recover any assets of the Debtor being held by GAD.

  f. There is the potential for self-dealing by current management where GAD and the Debtor may be parties to an existing contract pursuant to which the Debtor is obligated to make payments to GAD.

26. Cause under section 1104 is evidenced here by (a) current management's inability to properly manage the affairs of the Debtor and (b) the existence of multiple conflicts of interest that will impede current management's ability to carry out its fiduciary obligations.

27. And as noted by this Court in *SunCruz*, "[o]nce the court finds that cause exists under § 1104(a)(1), there is no discretion; an independent trustee must be appointed." *SunCruz Casinos, LLC*, 298 B.R. at 828.

  **B.** **This Court Must Appoint A Chapter 11 Trustee if it is in the Best Interest of Creditors and other Interests of the Estate**

28. Even if this Court does not find cause sufficient to direct the appointment of a trustee under Section 1104(a)(1), Section 1104(a)(2) provides a separate basis for the appointment of a chapter 11 trustee in this case where such appointment would be in the best interest of creditors and other interests of the estate.

29. First, where the facts here exhibit significant mismanagement of the affairs of the Debtor, it is clear that appointment of a chapter 11 trustee will be in the best interest of creditors and the Debtor's estate.

30. Second, the conflicts of interest noted above make it "highly improbable that [the] Debtor can gain and maintain the confidence of [creditors] in sufficient measure to support rehabilitation." *SunCruz Casinos, LLC*, 298 B.R. at 831.

31. Moreover, consideration of the following additional factors used by courts to determine whether the appointment of a trustee is in the best interest of the parties under Section 1104(a)(2), also supports the appointment of a trustee:

7

    a. the trustworthiness of the debtor;

    b. the debtor's past and present performance and prospects for the debtor's rehabilitation;

    c. the confidence or lack thereof of the business community and of creditors in present management; and

    d. the benefits derived by the appointment of a trustee, balanced against the cost of the appointment.

*See In re Cajun Electric Power Co-Op, Inc.*, 1991 B.R. 659, 661-62 (M.D.La. 1995)

32. Here, the circumstances clearly demonstrate that the appointment of a chapter 11 trustee is in the best interest of the parties and the Debtors' estates.

33. The Debtors' trustworthiness is certainly in question where the Debtor has failed to maintain books and records or any bank account.

34. The Debtor's continuing mismanagement of the Debtor, including the failure to maintain appropriate insurance on the Property which poses a significant risk to the estate, does not bode well for successful rehabilitation of this Debtor.

35. Indeed the continuing mismanagement of the Debtor's financial affairs and the existence of apparent conflicts of interest does not engender any confidence in the Debtor's current management.

36. Finally, the costs attendant to a trustee appointment pale in comparison to the losses that could be sustained by the Debtors' estates if the above-described incompetence and/or gross mismanagement of the Debtors' affairs that is evident thus far is allowed to continue.

    **II.**     **<u>Alternatively, The Court Should Dismiss this Case or Convert it to Chapter 7</u>**

37. Dismissal and conversion of Chapter 11 cases is governed by Section 1112(b), which provides that a bankruptcy court shall convert or dismiss a case, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

38. The term "cause" is not defined by the Bankruptcy Code, but Section 1112(b)(4) lists sixteen (16) examples of cause which justify dismissal or conversion:

> A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
> (B) gross mismanagement of the estate;
> (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
> (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
> (E) failure to comply with an order of the court;
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
> (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;
> (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);
> (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;
> (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;
> (K) failure to pay any fees or charges required under chapter 123 of title 28;
> (L) revocation of an order of confirmation under section 1144;
> (M) inability to effectuate substantial consummation of a confirmed plan;
> (N) material default by the debtor with respect to a confirmed plan;
> (O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and
> (P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

*See* 11 U.S.C. § 1112(b)(4).

39. In this case, at a minimum, and as discussed more fully above, the record supports a finding of cause sufficient to warrant dismissal or conversion under (i) Section 1112(b)(4)(B) where the Debtor has exhibited gross mismanagement of the estate; and (ii) Section 1112(b)(4)(C) where the Debtor has failed to maintain insurance on valuable property of the estate

40. Accordingly, should this Court decline to order the appointment of a chapter 11 trustee, the U.S. Trustee submits that dismissal of this case, or conversion of this case to chapter 7 would be the next best alternative.

41. Pursuant to Bankruptcy Rules 2002 and 9006, the United States Trustee requests that the required notice period be shortened and that an expedited hearing be scheduled at such time and date as this Court deems appropriate.

WHEREFORE, the United States Trustee the United States Trustee respectfully requests (a) an expedited hearing at such date and time as the Court deems appropriate; (b) the entry of an order directing the appointment of a chapter 11 trustee, or alternatively, dismissing the above-captioned chapter 11 case, or converting this case to a case under chapter 7; and (c) such other and further relief as this Court may deem just and proper.

DATED:   February 21, 2014.

    Guy G. Gebhardt
    Acting United States Trustee
    Region 21

    /s/    Zana M. Scarlett
    Zana M. Scarlett, Trial Attorney
    Florida Bar No.: 626031
    U.S. Trustee's Office
    51 SW 1st Ave., Room 1204
    Miami, FL 33130
    Phone: (305) 536-7285
    Fax: (305) 536-7360

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been served on the following parties on February 21, 2014, electronically through CM/ECF, on parties having appeared electronically in the instant matter and that a copy hereof shall be served by U.S. Mail, postage prepaid, on parties not appearing electronically as listed on the attached service list:

David Kyle Blazek     david@blazek-law.com

John A. Farnsworth
75B Walnut St
Clinton, MA 01510

                                              /s/     Zana M. Scarlett
                                              Zana M. Scarlett, Trial Attorney